Ruffin, Chief Justice.
There is no legal ground on "which, as we conceive, the verdict and judgment in this case can be disturbed. The action is between the personal representatives of a mortgagee and mortgagor, for a female slave and her issue, born subsequent to the execution of the deed, which was in 1813. The sum lent was #150; and the clause of redemption is thus expressed, “ provided, nevertheless, if the said Robert Johnson should pay unto the said Britton the above sum, before his death, then the above obligation to be void — only the increase, if any, to remain the property of the said Britton Johnson.” The mortgagor died in 1836, and the other party in 1837, and the present action was brought in 1838; and the jury have found that the debt remains unpaid.
Upon the case thus stated, the right of the plaintiff to recover the slave originally conveyed, depends upon the plainest principles; and the right to the issue necessarily follows that to the parent. The objections to the recovery taken by the defendant, have been considered by us; and such as the jury have not said are unfounded in fact, we deem to be untenable in law, or misapplied in this case, or in this forum.
The instruction upon the point of usury seems to us to be unexceptionable. Supposing it to have been intended that the mortgagee should have the use of the slave pledged, yet if that use did not, in the opinion of the jury, exceed in value the legal rate of interest on the debt, it is plain there was no usury. So, if the property in the issue, in addition to the use of the mothei1, would exceed in value the interest, yet that would not constitute usury, if the issue was not to vest in the mortgagee by reason or on account of the loan and forbearance, but was to become his in a different character, namely, as the donee of such increase. This is true, whether the *519 intended donation be'effectual in law or not; for although it may be void for want of some requisite formality as a,gift, yetits actual existence, even in an informal shape, repels the imputation of the corrupt design to reserve a greater rate of interest than is allowed by law; and without such motive, usury cannot be committed. The evidence was therefore properly heard and considered upon this point, because it was a question of quo animo the agreement was thus framed.
There seems, however, to have been, upon the trial, a vague impression that the evidence of this agreement as to the issue was material to the plaintiff’s right., to recover, as being substantive evidence of a distinct title off the nephew to the issue. Were it material to the rights involved in the present suit in a Court of Law, it would be our duty to examine that question. The enquiry, whether the evidence on this subject establishes in law a gift from the uncle to the nephew, is very different from the enquiry whether the same was competent for the purpose to which it was directly ad-dueed. The distinction is very apparent. In the one case, parol evidence is received to establish that an instrument is not infected with a secret vice that would invalidate it, or that a corrupt purpose, which might be inferred from the instrument without explanation, did not in fact and truth exist. The object of the proof is, therefore, to support the instrument in its present form, as a valid security for the debt mentioned in it. But in the other view, the parol evidence is offered to make out a gift. By itself and independent of the deed,'it is clearly inadequate. The question is, can it be received in aid of the deed, to control and give a character to it, by turning that into a deed of gift, which, notwithstanding the unusual terms in which the right to redeem is reserved, must, by itself, be deemed to be of that species of conditional conveyances called mortgages? This is a grave question to the rights of these parties, as they may ultimately be settled, It will arise when the present defendant applies to redeem. It does not arise now; or rather the rights here involved cannot be affected by it. Our enquiry is confined to the point, in whom is the legal title; and upon that it is evident the plaintiff must succeed. For as the instrument is found to be *520 untainted by- usury, it is a valid subsisting mortgage for the mother, and of course carries the increase. Beyond that, ' " ' therefore, search tor a title to the plaintiff is supererogatory.
in reference to the points on the statute of limitations, it is to be observed, that the Court is also relieved from considering their correctness by the state to which the controversy is reduced in the views already taken of it. As the mortgagor had his whole life to pay the money, and had paid no part of it at his death, the mortgage became forfeited only oil that event. We think that a mortgagee is not, under any circumstances, as between him and the mortgagor, obliged to take possession' before a forfeiture, and thereby subject himself unnecessarily to ail account. Whatever had occurred before the day of payment, our opinion is, that the mortgagee might waive it, and that upon the forfeiture of the mortgage by the non-payment of the money at the death of the debtor, a right to demand the mortgaged property thereby and then arose to the mortgagee. Consequently this action, which was brought within two years thereafter, is not barred.
Per. Curiam. Judgment affirmed.